**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

IN RE GUNNISON SAGE-GROUSE              Civil Action No. 1:15-cv-286- AP
ENDANGERED SPECIES ACT LITIGATION,

**FEDERAL RESPONDENTS' REPLY TO COMBINED RESPONSE BRIEF OF
DEFENDANT-INTERVENORS IN CASE 1:15-cv-286**

Federal Respondents hereby file their reply to the combined response brief filed by the Environmental Intervenors in case 15-cv-286, *see* 15-cv-130, ECF 157 ("Int. Br.").[1]

**A. Intervenors' Standing Argument**

The Environmental Intervenors broadly argue that the Colorado Petitioners failed to establish Article III standing to challenge either of the final rules. Int. Br. at 4. They also argue that the Colorado Petitioners lack prudential standing to bring their National Environmental Policy Act claim. *Id.* at 7. Federal Respondents agree that the Colorado Petitioners have the burden to establish Article III standing to seek each form of relief in each claim. *See* Int. Br. at 4. In that vein, Federal Respondents made the more limited argument in our response brief that Utah is the only party to this case that raised arguments related to the Final Critical Habitat Rule in its opening brief; Utah failed to establish that it has standing to seek relief for the designation of critical habitat outside the state; and, thus, if the Court agrees with Utah regarding the Final Critical Habitat Rule, the remedy must be limited to the units located within Utah. *See* 15-cv-130, ECF 156 filed at 47-48.

---

[1] Federal Respondents previously requested and were granted by the Court an opportunity to file a combined response to all briefs filed by Intervenors in the consolidated Gunnison sage grouse cases. *See* 15-cv-130, ECF 172. However, Federal Respondents now limit their reply to the Environmental Intervenors' response brief filed in 15-cv-286 based on the Court's April 30, 2018 Order administratively closing 15-cv-130 and 15-cv-131, *see* 15-cv-130, ECF 176.

Furthermore, we do not add to the Environmental Petitioners' argument that Utah, like any other party, must meet its burden at the summary judgment stage to establish Article III standing and failed to do so here.[2]

However, Federal Respondents do not join the Environmental Intervenors' arguments that Colorado and Utah could not establish Article III standing to challenge the Final Listing Rule or relevant portions of the Final Critical Habitat Rule, nor do we join their arguments that the Colorado Petitioners—with the exception of Utah—failed to establish standing to challenge the Final Listing Rule.[3] *See* Int. Br. at 5-6 & n.4.

### B. Intervenors' Attack on the Final Listing and Critical Habitat Rules

Finally, although the Environmental Petitioners intervened on behalf of the Federal Government in 15-cv-286, as Intervenors, they nevertheless devoted several pages to criticizing the final agency actions challenged in this case—the Final Listing and Critical Habitat Rules. Int. Br. at 1-4. These points are only relevant to the cases brought by the Environmental Petitioners, which have been administratively closed. *See* ECF 176. The Colorado Petitioners have not raised these arguments in their respective briefs. However, out of an abundance of caution, we note that Federal Respondents have directly addressed these allegations in their brief responding to the Environmental Petitioners' opening brief and incorporate by reference those arguments here. *See* 15-cv-130, ECF 163.

---

[2] Utah has already had an opportunity to substantively respond to this argument in its reply brief, *see* 15-cv-130, ECF 160 at 1-4.

[3] Federal Respondents do not address whether Colorado or Gunnison established Article III standing to challenge the Final Critical Habitat Rule because, as we argued in our response brief, we believe they have waived any claims regarding critical habitat because they failed to include any substantive arguments in their summary judgment briefs. ECF 156 at 46-49.

### C. The Appropriate Remedy for this Case

The Environmental Intervenors also have raised the issue of remedy. Federal Respondents have established in their briefs that, in the final rules challenged here, the U.S. Fish and Wildlife Service fully considered the best available science and set forth reasoned analyses that represent a balanced approach that falls somewhere between the two extremes presented by the Colorado Petitioners and Environmental Petitioners. For this reason, the issue of remedy is irrelevant. However, we have requested briefing on remedy should the Court determine that the agency violated the law. *See* ECF 163 at 72. This case is highly fact-specific and technical and Federal Respondents respectfully request an opportunity to propose an appropriate remedy after we have had an opportunity to consider any decision that is not in the agency's favor.

DATED: May 14, 2018

JEFFREY R. WOOD,
Acting Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
RICKEY D. TURNER, JR.,
JESSICA HELD, Trial Attorney

*/s/ Mary Hollingsworth*
MARY HOLLINGSWORTH
Trial Attorney (AZ Bar 027080)
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1373
Email: mary.hollingsworth@usdoj.gov

*Attorneys for Federal Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Mary Hollingsworth*
MARY HOLLINGSWORTH