**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00286-CMA-STV

THE STATE OF COLORADO by and through the Colorado Department of Natural Resource, the Division of Parks and Wildlife, and the Parks and Wildlife Commission,

      Plaintiff,

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO, and
GUNNISION COUNTY STOCKGROWERS' ASSOCIATION, INC.,

      Plaintiff-Intervenors, and

THE STATE OF UTAH, and
SAN JUAN COUNTY, UTAH,

      Plaintiff-Intervenors,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
JAMES KURTH, in his official capacity as acting Director of the United States Fish and Wildlife Service, and
RYAN ZINKE, in his official capacity as Secretary of the United States Department of the Interior,

      Defendants,

WILDEARTH GUARDIANS, and
DR. CLAIT E. BRAUN,

      Defendant-Intervenors, and

CENTER FOR BIOLOGICAL DIVERSITY, and
WESTERN WATERSHEDS PROJECT,

      Defendant-Intervenors.

---

**ORDER DENYING MOTION FOR RELIEF FROM FINAL ORDER OR,
ALTERNATIVELY, EXTENSION OF TIME TO APPEAL**

---

This Matter is before the Court on Plaintiff-Intervenors the State of Utah and San Juan County, Utah's (collectively, "Utah") Motion for Relief from Final Order or, Alternatively, Extension of Time to Appeal. (Doc. # 36.) Defendant Intervenors and the Federal Respondents both filed Responses to Utah's Motion. (Doc. ## 44, 46.) Utah subsequently filed a Reply (Doc. # 47) and a Notice of Supplemental Authority (Doc. # 48). Based on the reasons that follow, Utah's Motion is denied.

## I.     BACKGROUND

The factual and procedural background of this case has been extensively detailed in this Court's Order Affirming the November 14, 2014 Final Listing Decision and Final Critical Habitat Designation Issued by the United States Fish and Wildlife Service. (Doc. # 33.) The Court's previous Order is incorporated by reference, and the background explained therein need not be repeated here. Therefore, the Court recounts only the facts necessary to address Utah's Motion.

In the United States Fish and Wildlife Service's (the "Service") analysis of the Gunnison sage-grouse's critical habitat, the Service designated various unoccupied lands as "critical" to the preservation of the sage-grouse because "the occupied acreage alone was 'inadequate for the conservation of the species.'" (*Id*. at 50) (citation omitted). Relevant here,

> The service found much of the designated unoccupied land potentially suitable as habitat for the sage-grouse. Some of the designated

2

unoccupied land, however, was determined to be "locally unsuitable as habitat" for the Gunnison sage-grouse. The Service nonetheless designated those unsuitable lands as "essential" for the bird for several reasons, including that they (1) fell within the critical habitat large landscape scale and therefore part of the larger, indivisible sage-grouse habitat; (2) would facilitate bird movements and dispersal because they were located adjacent to or between critical surrounding sage-grouse populations, reducing population isolation and increasing genetic exchange; and/or (3) could be re-worked to enhance needed sagebrush communities and other [primary constituent elements], making them suitable for habitation in the future.

(*Id*. at 52.)

In upholding the Service's determination, the Court found no error in its conclusion that "occupied habitat alone is inadequate for the conservation of the species." (*Id*. at 51.) Additionally, the Court rejected Plaintiffs' argument that "unoccupied areas presently unsuitable as habitat for the Gunnison sage-grouse may not be designated as essential for its conservation." (*Id*. at 53–54.) Ultimately, the Court concluded that "because the Service's critical habitat designation was supported with reason and significant scientific and evidentiary support, the Court finds that it was not arbitrary and capricious and reversal is not warranted." (*Id*. at 54.)

Consequently, the Court entered final judgment in this case on September 27, 2018. (Doc. # 34.) Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, the 60-day deadline to file a notice of appeal was on November 26, 2018. Fed. R. App. P. 4(B)(ii) (notice of appeal may be filed within 60 days after entry of judgment when one of the parties is a United States agency). No notices of appeal were filed by that date.

However, Utah filed the instant motion on December 14, 2018. (Doc. # 36 at 3.) Utah asserts that a Supreme Court decision, *Weyerhaeuser Co. v. U.S. Fish & Wildlife*

*Serv.*, 139 S. Ct. 361 (2018), that was issued after the deadline to file a notice of appeal in this case had expired constitutes a change in the law that justifies either relief from this Court's judgment or an extension of time to appeal.

In *Weyerhaeuser*, the court considered "whether 'critical habitat' under the ESA must also be habitat . . . ." *Id*. at 368. The court answered that question in the affirmative and held that "[o]nly the 'habitat' of the endangered species is eligible for designation as critical habitat." *Id*. Importantly, the court left open the question of what constitutes "habitat," and it remanded the case to the Fifth Circuit to interpret that term in the first instance. *Id*. at 369. However, the parties dismissed the case before the Fifth Circuit had an opportunity to address the issue. *See Markle Interests, LLC v. U.S. Fish and Wildlife Serv.*, No. 2:13-cv-00234-MLVF-JVM (Doc. # 174) (E.D. La. July 3, 2019) (dismissing case pursuant to consent decree). As a consequence, the definition of the term "habitat" remains an open question.

## II.   ANALYSIS

Utah argues that, in light of *Weyerhaeuser*, it should either be relieved from this Court's judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure or granted an extension of time to file an appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The Court will address each argument in turn.

## A.   WHETHER RELIEF FROM THIS COURT'S JUDGMENT IS WARRANTED

Rule 60 of the Federal Rules of Civil Procedure governs relief from a judgment or order. Utah argues that Rule 60(b)(6), which indicates that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other

reason that justifies relief," warrants granting a party relief from a judgment when a subsequent case clarifies or changes the law. Fed. R. Civ. P. 60(b)(6). The Court disagrees.

Rule 60(b)(6) is "exclusive of the other enumerated subsections of Rule 60(b) . . . ." *Saggiani v. Strong*, 718 F. App'x 706, 712 (10th Cir. 2018). Therefore, although relief under the five enumerated clauses of Rule 60(b)(1–5) is "extraordinary and may only be granted in exceptional circumstances," *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), Rule 60(b)(6) relief "is even more difficult to attain[,] and is appropriate **only when it offends justice to deny such relief**," *Saggiani*, 718 F. App'x at 712 (emphasis added) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Jones v. Ferguson Pontiac Buick GMC, Inc.*, 374 F. App'x 787, 789 (10th Cir. 2010) (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).

Moreover, "[t]he law in this circuit is clear. A post-judgment change in the law or in the judicial view of an established rule of law does not justify relief under Rule 60(b)(6)." *Sproull v. Union Texas Prod. Corp.*, 944 F.2d 911 (10th Cir. 1991) (citing *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)); *see, e.g.*, *Jones*, 374 F. App'x at 789 (affirming district court's decision to deny relief under Rule 60(b)(6) "on the basis that a simple change in the law was not grounds for relief"); *Johns v. Kaiser*, 107 F.3d 880 (10th Cir. 1997) ("relief based upon post-judgment changes in the law is ordinarily not available under Rule 60(b)(6)" (citing *Johnston v. Cigna Corp.*, 14 F.3d

486, 497 (10th Cir. 1993)). However, the Tenth Circuit has created a narrow exception to the principle that a post-judgment change in the law does not constitute grounds for relief under Rule 60(b)(6).

Specifically, a party may be relieved from a judgment when there has been "a post-judgment change in the law "arising out of the **same accident** as that in which the plaintiffs . . . were injured." *Van Skiver v. United States*, 952 F.2d 1241, 1245 (10th Cir. 1991) (emphasis added) (quoting *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 723 (10th Cir. 1975)). However, the exception is inapplicable when the "change in the law did not arise in a related case." *Id.* (citation omitted). Additionally, the Tenth Circuit has cautioned against broadening the exception, noting that "[a]ny broader rule would judicially abolish the concept of finality in litigation and make every lawsuit winner vulnerable to additional litigation if and when the law is changed." *Sproull*, 944 F.2d 911.

The Court notes that Utah cites *Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) for the proposition that "a change in relevant case law by the United States Supreme Court warrants relief under [Rule] 60(b)(6)." However, this Court agrees with the Colorado Supreme Court's analysis of this issue. Specifically, the court has observed:

> In a few decisions the Tenth Circuit has insinuated that a change in relevant case law does qualify as "extraordinary circumstances" under Federal Rule 60(b)(6). *See Dowell v. Bd. of Educ. of Oklahoma City*, 8 F.3d 1501, 1509 (10th Cir. 1993); ***Adams v. Merrill Lynch Pierce Fenner & Smith***, 888 F.2d 696, 702 (10th Cir. 1989). These cases, however, have been characterized as misconstruing and broadening an earlier decision of the Circuit, *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722–724 (10th Cir. 1975), **and as being clearly erroneous and inconsistent with the vast majority of existing federal case law**.

*Davidson v. McClellan*, 16 P.3d 233, 237 n.8 (Colo. 2001) (emphasis added) (citing 12 James Wm. Moore, Moore's Federal Practice § 60–48(5)(c), at 60–183 (3d ed. 1997 & Supp. 2000)).

In the instant case, Utah's Rule 60(b)(6) argument is entirely dependent on the proposition that the Supreme Court's decision in *Weyerhaeuser* constitutes a change in the law that justifies relief from this Court's judgment. However, a post-judgment change in the law is not a sufficient basis to warrant relief under Rule 60(b)(6) where, as here, the change arises from a subsequent decision in a factually distinct, unrelated case. Therefore, justice is not offended by maintaining the finality of this Court's judgment.

## B.   WHETHER AN EXTENSION OF TIME TO APPEAL IS WARRANTED

Rule 4 of the Federal Rules of Appellate Procedure provides, in pertinent part, that the "district court may extend the time to file a notice of appeal if . . . [a movant] shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Utah argues that a "change in governing case law constitutes good cause for reopening . . . the deadline to file an appeal." (Doc. # 36 at 7.) The Court disagrees.[1]

The time for taking an appeal "should not be extended in the 'absence of circumstances that are unique and extraordinary.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004) (quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)). Further, the good cause standard is applicable to "situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension

---

[1] Utah does not argue that its failure to file a timely notice of appeal was based on excusable neglect. *See* (Doc. # 36 at 6–8). Therefore, the Court limits its analysis to whether Utah has demonstrated good cause pursuant to Rule 4.

is usually occasioned by something that is not within the control of the movant." *Bisho*, 371 F.3d at 1207 (quoting Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments)). Thus, good cause "requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (interpreting good cause to modify a scheduling order under Fed. R. Civ. P. 16(b)(4))). For example, a party may demonstrate good cause if "the Postal Service fails to deliver a notice of appeal." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

In the instant case, Utah made a deliberate choice not to file a notice of appeal within the requisite timeframe. As Utah notes in its Motion, its "**decision** not to appeal was based **partly** on the apparent lack of supporting case law for its arguments." (Doc. # 36 at 7) (emphasis added). Therefore, Utah weighed the merits of filing an appeal, and its choice not to do so was only "partly" based on its analysis of the "apparent" dearth of supporting authority. However, Utah was aware that the Supreme Court had granted certiorari in *Weyerhaeuser*. *See* (*id*. at n.3). Thus, Utah's decision to abstain from filing a notice of appeal reflects Utah's apparent calculation that the small costs associated with filing such a notice outweighed the potential benefit of having additional time to assess whether the Supreme Court would produce a favorable decision. Accordingly, Utah cannot allege that an external force—such as the post office's failure to deliver a notice of appeal—frustrated its ability to file an appeal in this case. As a result, Utah's calculated choice not to file an appeal "was entirely within [its] control,"

and, therefore, Utah has not demonstrated good cause for purposes of Rule 4. *See, e.g.*, *Biodiversity Conservation All. v. Bureau of Land Mgmt.*, 438 F. App'x 669, 672 n.7 (10th Cir. 2011).

### III.   **CONCLUSION**

Based on the foregoing, the State of Utah and San Juan County, Utah's Motion for Relief from Final Order or, Alternatively, Extension of Time to Appeal (Doc. # 36) is DENIED.

DATED: July 30, 2019                    BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge